11-2339-cv
*Ho Myung Moolsan Co., Ltd., et ano. v. Manitou Mineral Water, Inc., et al.*

**UNITED STATES COURT OF APPEALS**
**FOR THE SECOND CIRCUIT**

# SUMMARY ORDER

Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1.  When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.

 At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 8ᵗʰ day of November, two thousand twelve.

PRESENT:

  PIERRE N. LEVAL,
  JOSÉ A. CABRANES,
  ROBERT D. SACK,
    *Circuit Judges.*

---

Ho Myung Moolsan Co., Ltd. and Hyun-Song Kang,

  *Plaintiffs-Appellants*,

                 No. 11-2339-cv

    v.

Manitou Mineral Water, Inc.,

  *Defendant-Appellee*,

Raphael Drug and Health Co., O-Yoon Kwon, Nam-In Jhon, Hanmi Home Shopping Company, New Jersey Flea Market News, New York Flea Market News, AKA www.FINDALLUSA.com, 1 through 10 John Does, 1 through 10 Jane Does, 1 through 10 ABC Companies,

  *Defendants.*

---

**FOR PLAINTIFFS-APPELLANTS:**        Michael S. Kimm, Kimm Law Firm,
                                      Englewood Cliffs, NJ.

**FOR DEFENDANT-APPELLEE:**           Andrew Kimler, Eun Chong Thorsen,
                                      Vishnick McGovern Milizio LLP, Lake
                                      Success, NY.

Appeal from a June 7, 2011 judgment of the United States District Court for the Southern District of New York (Richard J. Holwell, *Judge*).

**UPON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court is **AFFIRMED**.

Plaintiffs-appellants Ho Myung Moolsan Co., Ltd. and Hyun-Song Kang ("plaintiffs") appeal from the June 7, 2011 judgment of the District Court denying their post-verdict motion for various forms of relief, including judgment as a matter of law. They also appeal certain pre-trial and trial orders of the District Court. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal, which we reference only as necessary to explain our decision to affirm.

Plaintiffs filed this action against Manitou Mineral Water, Inc. ("Manitou") on August 23, 2007, alleging, *inter alia*, that Manitou breached its contractual obligation to provide them with bottled mineral water to sell in Korea. Manitou argued in response that any failures on its part were not actionable because plaintiffs were not deprived of any value as they had no market for selling mineral water in Korea, were not selling the water, and could not sell the water.

On June 29, 2010, the District Court denied plaintiffs' motion for summary judgment on the breach of contract claim because disputed issues of material fact existed, but granted Manitou's cross-motion for summary judgment on plaintiffs' conspiracy-to-breach-a-fiduciary-duty claim. The breach of contract claim was tried before a jury and, on November 1, 2010, the jury returned a unanimous verdict in favor of Manitou on the issue of liability.

Before and during trial, plaintiffs made several motions that the District Court denied. In particular, they argued that: (1) the United Nations Convention on Contracts for the Sale of International Goods, as opposed to New York law, applied to the action; (2) the contract in question was an "output contract," as opposed to an "installment contract"; (3) their damages expert, Don Smith, should be allowed to testify; and (4) they should be allowed to amend their complaint (during trial) to add various claims, including fraud in the inducement. The District Court explained why it denied these motions in a Memorandum Opinion and Order dated December 2, 2010.

Plaintiffs also filed a motion for post-trial relief, seeking: (1) judgment as a matter of law under Rule 50(b); (2) a new trial under Rule 59(a); (3) disgorgement of certain funds; and (4) sanctions. The District Court denied this motion in a Memorandum Opinion and Order filed on June 7, 2011.

We have reviewed all of plaintiffs' arguments and find each of them to be without merit. Substantially for the reasons stated in the District Court's careful and comprehensive decisions dated June 29, 2010, December 2, 2010, and June 7, 2011, we conclude that it did not err in denying plaintiffs' various motions.

Accordingly, the judgment of the District Court is **AFFIRMED**.

FOR THE COURT,
Catherine O'Hagan Wolfe, Clerk of Court